## DELFELDER DRAINAGE DIST. v. GIVENS
(No. 1690; Nov. 21, 1932; 16 Pac. (2d) 57)

The cause was submitted for the plaintiff in error on the brief of *O. N. Gibson,* of Riverton, Wyoming.

The cause was submitted for defendants in error on the brief of *A. C. Allen,* of Riverton, Wyoming.

RINER, Justice.

The District Court of Fremont County sustained a general demurrer to a petition filed therein by the Commissioners of the Delfelder Drainage District. The petitioners, having announced that they would stand on their petition and not plead further, the court entered a judgment dismissing it. Saving proper exception to this ruling and claiming error in that respect, the record is brought here for review by proceedings in error.

The petition in question is entitled "In the Matter of the Delfelder Drainage District, Petition for Inclusion of Outside Lands," and is brought by the Commissioners of said district, who "represent to the court," in substance, as follows: That the Delfelder Drainage District is a drainage corporation organized and existing under the drainage district law of this state; that the signers of the petition are the duly appointed, qualified and acting commissioners thereof; that the district was organized by the District Court of Fremont County, April 27, 1923, the report of the commissioners therein describing the proposed drainage works and fixing the amount of the assessment of benefits and for construction, and finally establishing the district boundaries, being confirmed by said court's order, entered of record December 21, 1923; that pursuant thereto, said commissioners promptly proceeded to construct and complete the drainage works therein provided for which have ever since been and now are in actual operation; that the construction and operation of said drainage works have not only resulted in large and permanent benefits to the lands within the district, but certain lands outside its boundaries and adjacent thereto have thereby received from them, through direct or indirect, natural or artificial connection

with the drains of said district, very large and substantial benefits for which they have paid, and will continue to pay, nothing, unless they are included within the boundaries of said district and subjected to assessments by it therefor. A description of these outside lands, giving their section subdivision, township, and range numbers, together with the names of the owners thereof, arranged in tabulated form, is then set forth in detail. The petitioners pray that the boundaries of said district, as previously established, may be enlarged and extended to include the described outside lands; that upon the filing of this report, the court ordered the land owners aforesaid to be notified of such filing and the contents thereof and require them to show cause at a time therein fixed, not less than 20 days thereafter, why their said lands should not be brought into said district and assessed for the benefits thereby received. The petition or report is signed by two commissioners and was filed on September 13, 1930.

Nine days later and on September 22, 1930, the court made an order to show cause as prayed, calling upon the land owners aforesaid to appear on October 23, 1930. On the 21st of the month last mentioned, they filed a demurrer asserting (1) that the court had no jurisdiction of the subject matter of the action, on the ground that there was no statutory provision for maintenance thereof, (2) that the plaintiff has no legal right or capacity to maintain said action, (3) that said action is in violation of Sec. 997, Wyo. Comp. St. 1920, and (4) that the facts stated in said petition do not entitle plaintiff to the relief demanded. Two days later, the court, after argument, disposed of the demurrer by the judgment now attacked wherein it was found "that said petition is not sufficient and that the demurrer of the defendants and remonstrators should be sustained on the ground that the facts stated in the petition do not entitle plaintiff to the relief demanded."

The disposition of the question raised by the errors assigned and presented here involves a determination of the

proper procedure under certain sections of the law of this state relative to drainage districts; viz., Sections 1080 to 1086, inclusive, of Wyo. Comp. St. 1920 (now Wyo. Rev. St. 1931, §§ 122-892 to 122-898, incl.). The language of these sections was first incorporated in our statutory law in 1911 (Laws Wyo. 1911, ch. 95, §§ 85 to 91, incl.). They would seem to have been borrowed from the drainage act adopted in the State of Wisconsin in 1905, (Laws Wis. 1905, ch. 419, § 28) for their phraseology is identical with that appearing in the Wisconsin law with the exception that the latter act provided specifically for an appeal within 30 days from the final confirmation order provided for in said Section 28 (Wyo. Comp. St. 1920, § 1086, Wyo. Rev. St. 1931, § 122-898) or, otherwise, that order became conclusive.

In the Wisconsin law, the material embraced in the above enumerated sections of the Wyoming statutes is all included in one section—Sec. 28, supra. Neither that section nor the procedure under it seem to have received attention at the hands of the Wisconsin court of last resort. The law has been modified, but in its essential features remains the same in the last edition of the Wisconsin statutes to which we have access (Wis. St. 1929, § 89.52). The sections aforesaid of our law, however, were considered by this court in the case of In re Organization of Bench Canal Drainage District, 24 Wyo. 143, 156 Pac. 610, 615, where certain constitutional objections were urged against the drainage act and were held untenable. Many of the sections of the act will be found set out verbatim in the opinion in that case and among them are those which furnish the basis for the procedure questioned in the case at bar. Here, for convenience, it will be necessary to quote but three of these sections and the final clause from the last of them.

Sec. 1080, Wyo. Comp. St. 1920, (Wyo. Rev. St. 1931, Sec. 122-892) reads:

"Whenever any drained lands outside a drainage district are receiving the benefits of the drains of said district, by

direct or indirect, natural or artificial connection therewith, the commissioners of said district may report said facts to the court and ask that said lands, describing them, be brought into said district and assessed for the benefits by them received from the drains, ditches or levees of said district.''

Sec. 1081: (Sec. 122-893)

''Upon the filing of said report the court shall order the owners of such lands to be notified of the filing of said report and the contents thereof, and shall require such owners to show cause at a time and place therein fixed, not less than twenty days thereafter, why their said lands should not be brought into said district and assessed for said benefits.'' ·

Sec. 1082: (Sec. 122-894)

''At the time and place fixed for hearing said report any of said land owners may appear and remonstrate against the confirmation of said report. All remonstrances shall be in writing, verified and shall set forth the facts on which they are based. All issues arising on said report shall be tried by the court without a jury.''

And the language of the last sentence of Sec. 1086 (Sec. 122-898) is:

''The court shall order all necessary amendments of said report and make written findings of fact and when said report is amended shall by order confirm the same.''

Referring to all seven of the sections above (§§ 1080 to 1086, incl., Wyo. Comp. St. 1920), this court, in the case In re Organization of Bench Canal Drainage District, supra, said:

''The lands thus brought into the district are such as were not deemed at the time to be benefited, but are thereafter discovered to be so, and which benefits may not have accrued or have been discovered or apparent until long

after the completion of the work. But the commissioners are required to assess against such land 'a sum for construction of said work which shall be equal to all sums assessed for complete construction of the drainage system in the district to which they are sought to be annexed against lands having the same assessment of benefits in said district,' although they may have been receiving such benefits for a much shorter period of time. The classification in the statute is based on the different situation of the parties, is not arbitrary, and, in our opinion, does not violate the constitutional provision.''

The constitutional provision of this state referred to in this excerpt was Sec. 34 of Art. 1, requiring that ''All laws of a general nature shall have a uniform operation.''

In the State of Arkansas, the drainage district law provided (Acts of Ark. 1909, Act 279, p. 835, § 7):

''If the commissioners find that other lands not embraced within the boundaries of the district will be benefited by the proposed improvement, they shall assess the estimated benefits to such land, and shall specially report to the County Court the assessment which they have made on lands beyond the boundaries of the district as already established. It shall then be the duty of the County Court to give notice in a newspaper published in the county where such lands lie, describing the additional lands which have been assessed; and the owners of real property so assessed shall be allowed twenty days after the publication of such notice in which to file with the County Clerk their protest against being included within the district. The County Court shall at its next session investigate the question whether the lands beyond the boundaries of the district so assessed by the commissioners will in fact be benefited by the making of the improvement; and from its finding in that regard, either the property owners or the commissioners of the district may within twenty days appeal to the Circuit Court.''

In the case of Lee Wilson & Co. v. Wm. R. Compton Bond & Mortgage Co., 103 Ark. 452, 146 S. W. 110, the court held that the procedure outlined by this language of the

statute, which in many respects resembles that contemplated by the seven sections of the drainage law of Wyoming mentioned above, was valid.

In support of the ruling made below, it is urged that the requirements of Sec. 997, Wyo. Comp. St. 1920, (Wyo. Rev. St. 1931, § 122-801) must be met by the petition in this case. That section is the one which details what a petition for the original organization of a drainage district in this state shall contain. Our attention is particularly directed to subdivision "6" of that section as controlling here, its language being:

"If the purpose of said petitioners is the enlargement, repair and maintenance of a ditch, levee, or other work heretofore constructed under any law of this state, said petition shall give a general description of the same, with such particulars as may be deemed important."

But the petition or report now before us does not deal with "the enlargement, repair and maintenance of a ditch," etc., but with an entirely different matter; viz., the bringing in of outside lands which have nevertheless been benefited by the completed constructed drainage works of the Delfelder Drainage District. That this is so is obvious from a mere perusal of the allegations of the petition heretofore outlined.

It is said that "plaintiff intended this proceeding to be an original action and not supplementary to any other proceeding creating a drainage district and, as evidence of that fact, plaintiff has not considered it necessary to plead any former proceeding or action of the District Court creating a drainage district." We are quite at a loss to see how this contention may successfully be advanced, in view of the allegations of the petition. The organization of the Delfelder Drainage District is, in general terms, pleaded therein, the official character of the petitioners under that organization set forth, and the fact that the district's boundaries were finally established by an order of the District Court of Fre-

mont County, on December 21, 1923. The petition also discloses that the drainage works of the district were completed and that their construction and operation has resulted in large and permanent benefits to certain described lands without the district boundaries, through connection with the drains of said district, and which lands are sought to be brought within said boundaries and assessed for the benefits thus received.

The proceeding is evidently undertaken pursuant to the provisions of Sections 1080 to 1086, incl., supra, and the petition, as against a demurrer of the character here interposed, is, we think, sufficient. Under the last clause of Sec. 1086 quoted above, the court has power to require amendments to the petition or "report," as it is designated in the statute, as may be necessary. Sec. 1080, supra, requires the commissioners to report the "facts" showing that lands without the district are receiving the benefit of the district's drains. It may well be that where these facts are not fully set forth, the court may properly require that it be done by an amended report before the owners are required to take issue on the facts thus alleged, as directed in Sec. 1082, supra.

Where, however, as here, the owners of the outside lands do not appear to care for a more specific statement of these facts, but merely claim that the report furnishes no basis for the relief authorized by the statute because the report does not contain the allegations required of an original petition for the formation of the drainage district,—Sec. 1080 indicating no such allegations as necessary—we see nothing amiss in requiring the land owners to proceed and comply with the provisions of Sec. 1082 by setting out in their remonstrances against the report being confirmed, the facts upon which they rely to show that their lands are not benefited by the district's drains—clearly the controlling question to be determined. If this question is decided in the affirmative, then the remaining sections, Sections 1085 and 1086, prescribe the procedure for determining the amount

of the assessment, a jury trial, if demanded, being allowed for that purpose. So far as we can see, the rights of all parties will have been fairly protected by the procedure contemplated by the statute as thus construed, and each given his day in court on all questions necessary to be determined.

The judgment of the District Court should be reversed with instructions to require the land owners, the defendants in error, to file their remonstrances in due time against the report aforesaid, as they may be advised, in order that the matter may be determined as the law directs.

*Reversed.*

KIMBALL, C. J., and BLUME, J., concur.